IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

JOSEPH D. MELANCON,

        Petitioner,

v.                                           Civil Action No. 2:17cv83
                                                     (Judge Bailey)

JENNIFER SAAD, Warden,

        Respondent.

# REPORT AND RECOMMENDATION

## I. Introduction

On June 23, 2017, the *pro se* Petitioner, Joseph D. Melancon, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 8.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. Factual and Procedural History[1]

### A. Conviction and Sentence

---

[1] The facts are taken from the Petitioner's criminal Case No. 3:13cr132 in the United States District Court for the Middle District of Louisiana, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

On May 15, 2014, a federal grand jury sitting in the Middle District of Louisiana returned a Third Superseding Indictment charging the Petitioner with three counts. The first count charged conspiracy to sell firearms, possess and sell firearms, and possess firearms by convicted felon; the second count charged stealing firearms from a licensed federal firearms dealer; and the third count charged possession of firearms by convicted felon. ECF No. 58. On June 19, 2014, a jury found the Petitioner guilty on all three. ECF No. 82.

On January 8, 2015, the Court sentenced the Petitioner. ECF No. 85. At the sentencing hearing, the Court found that the Petitioner had at least three prior qualifying convictions under the ACCA and that, as a result, the Petitioner was an armed career criminal for sentencing purposes. ECF No. 113. The Court sentenced the Petitioner to a term of 60 months on Count One; 120 months on Count Two; and 180 months on Count Three pursuant to the ACCA. ECF No. 96. The sentences on each count were set concurrently. Id.

**B. Appeal**

On January 13, 2015, the Petitioner filed a Notice of Appeal. ECF No. 97. The attorney appointed to represent the Petitioner moved for leave to redraw after filing a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and United States v. Florez, 632 F.3d 229 (5th Cir. 2011). The Petitioner did not file a response. After reviewing counsel's brief and the relevant portions of the record, the United States Court of Appeals for the Fifth Circuit agreed that the appeal presented no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw was

granted, counsel was excused from further responsibilities, and the appeal was dismissed. ECF No. 123.

### C. Motion to Vacate

On March 7, 2016, the Petitioner, proceeding pro se, filed a motion to vacate his sentence, claiming that his sentence as an armed career criminal violated his Fifth Amendment guarantees because his prior burglary convictions did not qualify as predicates to enhance his sentence. ECF No. 124. In support of his allegation, the Petitioner relied on Johnson v. United States, 135 S.Ct. 2251 (2015).[2] On April 18, 2016, the United States Supreme Court decided Welch v. United States, 136 S.Ct. 1257 (2016), which held that Johnson announce a substantive rule that has retroactive effect in cases on collateral review.

In its initial response, the United States argued that Johnson did not apply to the Petitioner because his prior burglary convictions qualified as violent felonies under the ACCA's enumerated offenses clause, not under the residual clause. In its second supplemental response to the Petitioner's 2255 motion, the United States noted that at sentencing, the Court possessed copies of records from the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana reflecting the Petitioner's numerous convictions for burglaries of an inhabited dwelling and burglaries of a building or structure. The United States then reviewed the decision in Descamps v. United States, 133 S.Ct. 2276 (2013), and argued that whether or not a prior conviction qualifies under the ACCA will depend on whether the elements of the crime of a conviction match up or are narrower

---

[2] In Johnson, the United States Supreme Court struck down the residual clause contained in 18 U.S.C. 924(e)(1)(3) as unconstitutionally vague. However, the court explicitly left intact the remaining clauses, including the enumerated offenses clause. ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). 135 S.Ct. at 2563.

3

than the elements of the generic offense, set forth under 924 (e)(2)(B). In addition, the United States discussed the decision in Mathis v. United States, 136 S.Ct. 2243 (2016) which held that a sentencing court may not employ the "modified categorical approach" when determining whether a defendant's earlier conviction under an indivisible statute, setting forth alternate means of committing the crime, could be counted as one of the qualifying generic offenses under 18 U.S.C. 924(e), rendering him eligible to be sentenced as an Armed Career Criminal. The United States then argued that the Louisiana statute prescribing burglary of an inhabited dwelling sets forth a single (or "indivisible") set of elements defining the crime. This type of burglary is defined as "the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode when the offender has the specific intent to commit a felony or theft therein." See LSA R.S. 14:62.2. The United States argued that it was an "indivisible statute" because it defines a single crime with a single set of elements. ECF No. 135.

On September 29, 2016, the District Court found that Johnson did not foreclose the Petitioner's sentence because he was sentenced under the ACCA pursuant to prior convictions for one of the four enumerated offenses qualifying as violent felonies under the ACCA. In particular, the District Court found that the Petitioner had at least three prior burglary convictions which qualified as violent felonies under the Act. In addition, the District Court found that the Louisiana statute prescribing burglary of an inhabited dwelling sets forth a single ("indivisible") set of elements defining that crime. Therefore, the District Court found that Mathis was inapplicable to the resolution of the Petitioner's

4

2255 motion. Accordingly, the motion was denied. ECF No. 136. The Petitioner did not appeal this decision.

### D.      Instant § 2241 Petition

The Petitioner alleges that the ACCA enhancement was applied to him in violation of the Fifth Amendment due process clause of the United States Constitution. In support of his argument, the Petition relies on the Supreme Court's decisions in <u>Mathis</u> and <u>Descamps</u>.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention after his previous § 2255 motion was unsuccessful, because the decision in <u>Mathis</u>, "being a statutory law, not a constitutional [law] would not survive the testing of the second successive writ." ECF No. 1 at 10.  For relief, the Petitioner requests that this Court grant his petition by removing the ACCA designation, vacate his sentence and remand him for resentencing with[out] the 924(e) enhancement. ECF No. 1 at 9.

### III. Legal Standard

### A.      Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a

district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, §

---

> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

## IV. Analysis

The Petitioner does not seek relief under any permissible ground in his § 2241 petition. The Petitioner claims do not relate to the execution of sentence or calculation of sentence by the BOP. Instead, the claims relate to the validity of the Petitioner's sentence imposed in the Middle District of Louisiana. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[5]

Although the Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. The Petitioner is not challenging his conviction and therefore, the Jones test is not applicable. Instead,

---

[5] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

9

because the Petitioner is challenging his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

Petitioner argues that he is entitled to relief under Mathis and Descamps and argues that the Louisiana burglary statute is too broad and is not a predicate for the ACCA. However, the Petitioner's reliance on these two cases is misplaced. Neither Mathis nor Descamps apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive). Accordingly, the Petitioner cannot meet the second prong of Wheeler. Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.[6]

---

[6] The undersigned notes that even if these two decision were retroactive, the District Court of Louisiana has already reviewed their holdings and determined that they are not applicable to the Petitioner because the Petitioner has at least three convictions for simple burglary in violation of LA. R.S. § 14:62, and his convictions meet the definition of generic burglary and constitute a

In summary, because the Petitioner cannot meet the savings clause of § 2255 under the Wheeler test, the Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

---

violent felony under the enumerate clause of 924(e)(2)9B)(ii). Moreover, the District Court found that the Louisiana statute proscribing burglary of an inhabited building sets forth a single ("indivisible") set of elements defining that crime.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 9, 2018.

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE